UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WADRA E JOHNSON | CASE NO. 6:19-CV-01370 LEAD |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| U S POSTAL SERVICE | MAGISTRATE JUDGE DAVID J. AYO |

### MEMORANDUM ORDER

Before the Court is a motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e) by Defendant United States on behalf of the U.S. Postal Service ("USPS"). (Rec. Doc. 45). For the reasons stated below, the motion for more definite statement is DENIED.[1]

### Factual Background

Plaintiff Wadra E. Johnson is employed by USPS as a custodian. (Administrative Record in 19-CV-1370, Rec. Doc. 54-1 at 5). Johnson was placed on temporary light duty status in response to a reported job-related injury sustained by "throwing wet cardboard" in 2012. (*Id.* at 51, 53). Johnson's temporary light duty assignment required her to answer phones and provide lobby assistance at the Energy Center Station beginning on October 23, 2017. (*Id.* at 51). Her light duty status ended on or about August 20, 2018, on which date she was instructed to return to the Lafayette plant and report to managers Nick Piazza and Ronnalie Morris. (*Id.* at 52). Confusion ensued regarding Johnson's proper duty status. She sought a limited duty designation based on what she alleged were open or active workers' compensation claims. (*Id.* at 226-27).

---

[1] *See generally Morris v. Wyeth, Inc.*, 2009 WL 3711260 at *1 n. 1 (W.D. La.) ("As the motion for a more definite statement is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.").

Piazza asked for clarification as to the specific open case(s) upon which Johnson based her limited duty request but testified that Johnson was unwilling to provide that information, responding "pick" one. (*Id.* at 226). As a result, Piazza informed Johnson that she was not entitled to limited duty and must, instead, complete a written request for "light duty." (*Id.* at 226-27). Johnson continued to advocate for limited duty status, preferring it to light duty and believing she was so entitled. (*Id.* at 227-28). On or about August 29, 2018 until September 6, 2018, Johnson took annual leave. (*Id.* at 225). Clarification of Johnson's open workers' compensation claim and corresponding entitlement to limited duty resulted in Johnson's restoration to limited duty status effective December 14, 2018. (*Id.* at 220).

On October 8, 2018, Johnson filed two separate appeals at the Merit Systems Protection Board ("MSPB" or "Board") challenging USPS's actions (*Id.* at 5-10; Rec. Doc. 55-1 at 5-10). Johnson's appeal docketed as DA-0353-19-0030-I-1 alleged violation of her right to restoration under the Federal Employees Compensation Act, 5 U.S.C. § 8151, while the appeal docketed DA-0752-19-0014-I-1 alleged, *inter alia*, constructive suspension, enforced leave, separation, demotion, furlough, failure to restore/reemploy/reinstate, and negative suitability determination. The issues were narrowed and a hearing was held on February 28, 2019 before Administrative Judge Martha Russo. MSPB's initial decisions were issued on March 19, 2019 as to both appeals. (Rec. Doc. 54-1 at 219-240; Rec. Doc. 55-1 at 182-203). The administrative judge found that while Johnson had successfully demonstrated that her restoration claim fell within the Board's jurisdiction and that she was absent from employment due to a compensable injury, Johnson failed to show that she was denied restoration or that she was discriminated against based on her disability. (Rec. Doc. 54-1, generally). The Board further found that Johnson had failed to show constructive suspension or enforced leave. (Rec. Doc. 55-1, generally). Having found no

appealable action alleged in Johnson's claims, the Board also found it lacked jurisdiction to consider Johnson's incorporated disability discrimination claim. (*Id.* at 193). Based on those findings, Johnson's request for corrective action was denied as to both appeals. (*Id.* at 219). The Board's decisions became final on April 23, 2019. (Rec. Doc. 54-1 at 231; Rec. Doc. 55-1 at 194).

Johnson filed petitions for judicial review of the Board's decisions on April 25, 2019 with the U.S. Court of Appeals for the D.C. Circuit. (Rec. Doc. 1). Finding that Johnson's petitions included claims for disability discrimination, the D.C. Circuit transferred Johnson's appeals to this Court pursuant to 28 U.S.C. § 1631 and 5 U.S.C. § 7703(b)(2). (Rec. Doc. 10). The cases were consolidated by order of this Court issued October 12, 2022. (Rec. Doc. 42).[2] Plaintiff acts *pro se* in both matters.

The government filed the instant motion for more definite statement (Rec. Doc. 45) and Plaintiff filed two responses. (Rec. Docs. 48, 51). The government also filed a reply in support of its motion. (Rec. Doc. 50). Accordingly, the motion is fully briefed and ripe for consideration.

## **Applicable Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances that gave rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999)). A motion for more definite statement,

---

[2] The government filed the instant motion post-consolidation, so this Court notes that this Memorandum Order applies as to case 19-CV-1371, the member action.

under Rule 12(e) of the Federal Rules of Civil Procedure, is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Thus, when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant is permitted to file such a motion.

Motions for a more definite statement are "generally disfavored" and are "granted sparingly." 5C Fed. Prac. & Proc. Civ. §§ 1376, 1377 (3d ed.) Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the defendant is complaining about matters that can either be clarified or developed during discovery  Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Brown v. Maxxam, Inc.*, No. 90–1468, 1991 WL 13918, at *2 (E.D. La. Jan. 28, 1991), affirmed, 993 F.2d 1543 (5th Cir. 1993) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

## Analysis

Johnson's appeal arises from a well-documented administrative proceeding, in which she was unsuccessful in demonstrating that she was deprived of restoration to limited duty, constructively suspended or subject to enforced leave. (Rec. Docs. 54-1, 55-1, generally). The government's motion asserts that Johnson's informal brief (Rec. Doc. 6; Rec. Doc. 5 in 19-CV-1371) is vague and lacking in allegations of fact and law to such a degree that it does not permit

the government to advance a defense to Johnson's appeals. (Rec. Doc. 45, generally). In response, Johnson filed a handwritten brief explaining her allegations of disparate treatment discrimination. (Rec. Doc. 48 at pp. 1-2). Johnson's brief also raises new issues, namely, her allegations of constructive suspension or enforced leave as to time periods not previously considered by the USPS or MPSB and discrimination in assignment and promotion. (*Id.* at 2-4). Finally, Johnson reiterates her desire to appeal the Board's findings regarding the period of time from August 27, 2018 to December 17, 2018, when Johnson asserts she was constructively suspended or subjected to enforced leave. (*Id.* at 4).

This Court construes Johnson's handwritten brief filed on November 3, 2022 (Rec. Doc. 48) as a more definite statement in this case. Given the scope of this consolidated proceeding as an appeal of the Board's determinations previously discussed, this Court finds Johnson's brief adequate to apprise the government of the scope of the appeal. The administrative record provides detail of the issues presented. Given the availability of the administrative record and the fact that a federal district court's review of MSPB decisions is limited to those claims as to which a plaintiff has properly exhausted administrative remedies,[3] the government has adequate guidance under which to formulate a response to Plaintiff's appeal.

## Conclusion

For the reasons discussed herein, the government's motion for more definite statement (Rec. Doc. 45) is DENIED.

---

[3] *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832-33 (1976); *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 14th day of March, 2023.

DAVID J. AYO
**UNITED STATES MAGISTRATE JUDGE**